REX M. SHAMBLEN AND RITA A. SHAMBLEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Shamblen v. Commissioner
Docket No. 3841-88
United States Tax Court
T.C. Memo 1991-511; 1991 Tax Ct. Memo LEXIS 560; 62 T.C.M. (CCH) 980; T.C.M. (RIA) 91511; October 9, 1991, Filed *560 Decision will be entered under Rule 155. Rex M. Shamblen, pro se. Anthony Hoefer, for the respondent. GERBER, Judge. GERBER
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent, in a notice of deficiency, determined income tax deficiencies and additions to tax with respect to petitioners' 1983, 1984, and 1985 taxable years, as follows: Additions to Tax Under Sections [1]
Year
Deficiency
6651(a)(1)
6653(a)(1)*
6654
6661
1983
$ 4,553.48
$ 436.18
$ 265.92
$ 52.11
None
1984
14,198.55
1,055.46
709.93
606.37
$ 3,549.63
1985
18,134.00
None
906.70
546.50
4,533.50
Subsequent to the issuance of the notice of deficiency, petitioner provided substantiating documentation resulting in *561 allowances by respondent and the following reduced deficiencies in income tax and additions to tax: Additions to Tax Under Sections
Year
Deficiency
6651(a)(1)
6653(a)(1)*
6654
6661
1983
$ 4,553.48
$ 436.18
$ 265.92
$ 52.11
--
1984
4,671.00
102.71
233.55
7.30
None
1985
5,211.00
--
260.55
None
$ 1,303.00
The issues remaining for our consideration are: (1) Whether petitioners are entitled to deductions or losses in excess of the amounts allowed by respondent; and (2) whether petitioners are liable for additions to tax under sections 6653(a)(1) and (2), 6654, and 6661. Petitioners have conceded that, to the extent there is any income tax deficiency for 1983 and 1984, they are liable for additions to tax under section 6651(a)(1). FINDINGS OF FACT Petitioners were husband and wife during the taxable years 1983, 1984, and 1985 and they filed joint Federal income tax returns for *562 each of those years. At the time of the filing of the petition in this case, both petitioners resided in Council Bluffs, Iowa. Petitioners were divorced at some time during 1988 and were divorced at the time of trial. During the years under consideration, Rex M. Shamblen (petitioner) was a letter carrier who earned annual salaries of $ 33,743.52, $ 35,608.20, and $ 37,359, respectively. In addition to his letter-carrying job, petitioner operated retail food and liquor businesses in Council Bluffs, Iowa. Petitioner operated these businesses and reported income and deductions under the cash method of accounting. Beginning May 1983, petitioner operated an establishment named "Rex's Lounge." During 1984, petitioner continued the operation of Rex's Lounge and began the operation of another establishment named "Sub-Station Lounge." During 1983, daily cash-flow reports were prepared for Rex's Lounge. The daily cash-flow reports, along with cash register tapes and cash expense vouchers were submitted to Bill Hood (Hood), who provided bookkeeping and accounting services for petitioner. Hood attempted to reconcile the daily cash reports with petitioner's bank statements. Monthly summaries *563 were prepared by Hood from canceled checks, the daily reports, cash register tapes, and expense receipts. Using the monthly summaries, Hood calculated that Rex's Lounge, for 1983, had gross receipts of $ 63,829.25, gross profit of $ 39,041.27, expenses of $ 32,944.71, and net profit of $ 6,096.56. Petitioner, in reporting his income and deductions on petitioners' 1983 Federal income tax return, used Hood's gross receipt figure, but petitioners reported gross profit of $ 27,923.67, expenses of $ 38,022.88 and a net loss of $ 10,099.21. For purposes of the notice of deficiency, respondent accepted Hood's figures with the exception of a $ 960 adjustment to cost of goods sold. Additionally, for purposes of the notice of deficiency, respondent allowed an additional $ 1,640 for 1983 truck expense. All of this resulted in a net adjustment by respondent for petitioners' 1983 taxable year of $ 15,943.94. Petitioner claims that the $ 16,625 difference between the expenses computed by Hood and the expenses petitioner reported on the 1983 return was attributable to cash expenses which petitioner spent out of his own pocket. Petitioner claims that the differences between the expense figures *564 is attributable to use of part or all of his letter-carrier salary to pay operating expenses of his business establishments. Additionally, for purposes of trial, petitioner contended that the 1983 gross receipts should be reduced from $ 63,829, reported on the return, to $ 52,014. Petitioner also argued that the combined expenses and cost of goods he reported on the return should be increased from $ 73,929 to $ 76,242. Petitioner did not provide an adequate explanation or substantiation to show why the gross receipts should be reduced or expenses and cost of goods sold should be increased from the amounts he reported on the 1983 tax return. Petitioner did not hire an accountant for 1984 and he reported gross receipts of $ 23,478, cost of goods sold of $ 27,943, and expenses of $ 59,264, for a net loss of $ 63,729. Respondent, in the notice of deficiency disallowed the unsubstantiated cost of goods sold and expenses claimed on the return, resulting in $ 23,478 of net income. After issuance of the notice of deficiency, petitioner presented partial records to respondent from which respondent's agent arrived at a net profit of $ 11,587, as follows: Gross receipts
$ 43,844
Cost of goods sold
23,919
Gross profit
$ 19,925
Expenses
8,338
Net profit
$ 11,587
*565 As with 1983, petitioner claims that respondent has not given him the benefit of cash expenditures from petitioner's nonbusiness sources. In this connection, respondent, for purposes of trial and on brief, conceded that petitioners should be entitled to some amount for cash expenditures. More specifically, respondent conceded that petitioners would be entitled to $ 11,587 of additional deductions resulting in no gain or loss for the 1984 taxable year. With respect to the 1985 taxable year petitioner reported gross receipts of $ 31,775, returns and allowances of $ 102, cost of goods sold of $ 16,394, and expenses of $ 19,778, resulting in a net loss of $ 4,499. Respondent, in the notice of deficiency, disallowed the cost of goods sold and expenses for lack of substantiation, resulting in $ 31,673 ($ 31,775 less $ 102) of income. Petitioner retained an individual, Donald Hunt (Hunt), to compile and compute his 1985 income figures. Hunt, using the available records of petitioner, computed $ 43,208 of gross receipts, cost of goods sold of $ 16,394, expenses of $ 24,651, resulting in net income of $ 2,163. Again recognizing for purposes of trial and on brief that petitioners should *566 be entitled to some amount for cash expenditures, respondent conceded that petitioners would be entitled to $ 2,163 of additional deductions resulting in no gain or loss for the 1985 taxable year. The concessions by respondent result in reduced deficiencies as set forth earlier in this opinion. During 1983, 1984, and 1985 petitioner was engaged in the start-up portion of his food and liquor businesses. During 1983 he was open for business for about 7 months. During 1984 he opened a second food and liquor business location, but neither of the establishments were open for a full year due to a short-cash position and the accumulation of debt. The establishments were also not open for all 12 months of the 1985 year. Additionally, petitioner experienced a flood at some point in time during this period, which in addition to financial problems, caused the loss of some of his business records. During this startup phase, petitioner would purchase drinks for patrons in order to establish and maintain their goodwill. During this same period, petitioner was drinking heavily. A bartender who worked for petitioner estimated that petitioner paid $ 60 or $ 70 for drinks, about $ 25 of which *567 was for petitioner's drinks. Instead of giving away, or personally consuming drinks without paying, petitioner would make payment for these drinks. At least some of these payments were from sources other than the business receipts. These payments were included in the receipts reported to Hood and/or eventually reported on petitioners' income tax returns or used in respondent's computations of deficiencies in all 3 taxable years. In addition, petitioner, on occasion, purchased supplies from funds outside of the business or where no receipts were maintained. A former employee estimated that petitioner may have spent $ 20 to $ 30 on occasion for which no receipt was retained. OPINION The pivotal question here is whether petitioners have shown that they are entitled to deductions or reductions in addition to those substantiated to respondent's satisfaction or in excess of those conceded by respondent. The burden of proof is upon petitioners to show that respondent has erred. ; Rule 142(a). Petitioners have carried their burden of showing that, to some extent, respondent has not allowed sufficient deductions or reductions *568 of income, but they have not shown that they are entitled to the entire amounts claimed on their joint Federal income tax returns. In this regard, where taxpayers have shown that expenditures were likely made, but fail to provide complete or adequate documentation, courts have allowed estimated amounts of expenditures. . In order to estimate expenditures, there must be some basis in the record upon which an estimate may be made. ; . From this record we find that petitioners are entitled to $ 10,000 in deductions, in their 1983 taxable year, for cash expenditure over and above the deduction allowed by respondent after issuance of the notice of deficiency. We also find that petitioners are entitled to deductions of $ 7,837 in addition to those amounts determined and/or conceded by respondent for petitioners' 1985 taxable year. We find that petitioners are not entitled to any deductions in addition to those determined and/or conceded by respondent for petitioners' 1984 taxable *569 year. Finally, we must decide whether petitioners are liable for additions to tax under sections 6653(a)(1) and (2), 6654, and 6661. Petitioners have conceded that, to the extent there is any income tax deficiency for 1983 and 1984, they are liable for an addition to tax under section 6651(a)(1). Section 6653(a)(1) and (2) provides for an addition to tax if any part of the underpayment of tax is due to negligence or intentional disregard of rules or regulations. See . We find that petitioners' failure to keep adequate and accurate records and their delinquent filing of returns without reasonable cause for 1983 and 1984 render them liable for an addition to tax under section 6653(a)(1) and (2). , affd. . With respect to section 6654, petitioner provided no evidence showing why this addition to tax for failure to pay estimated tax should not apply. Accordingly, to the extent an underpayment exists in petitioners' 1983 or 1984 taxable year, section 6654 is applicable. Section 6661 was determined for all *570 years, but respondent's concessions made it potentially applicable for petitioners' 1985 taxable year if the understatement exceeds the greater of 10 percent of the tax required to be shown on the return or $ 5,000. If any deficiency for 1985 results in an understatement which exceeds the statutory threshold of section 6661(b)(1)(A), then petitioners are liable for an addition to tax under section 6661. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. Section references are to the Internal Revenue Code as amended and in effect for the taxable years under consideration. Rule references are to this Court's Rules of Practice and Procedure. Plus 50 percent of interest due on the deficiency determined or redetermined under section 6653(a)(2).
*↩ Plus 50 percent of interest due on the deficiency determined or redetermined under section 6653(a)(2).